**SILVERMANACAMPORA LLP**  
Attorneys for Kenneth P. Silverman, Esq.,  
Chapter 7 Trustee  
100 Jericho Quadrangle, Suite 300  
Jericho, New York 11753  
Anthony C. Acampora  
Justin S. Krell  

**Hearing Date: July 27, 2015**  
**Time: 9:30 a.m.**  

**Objections Due: July 20, 2015**  
**Time: 4:00 p.m.**  

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------X  
In re:

    KAE-PUN YI a/k/a  
    KAEPUN YI a/k/a KATHY YI,          Chapter 7  
                                                 Case No. 14-75101 (REG)  
                  Debtor.  
-----------------------------------------------------------X

### NOTICE OF HEARING ON TRUSTEE'S MOTION FOR ENTRY
### OF ORDER DISALLOWING DEBTOR'S HOMESTEAD EXEMPTION

PLEASE TAKE NOTICE, that upon the annexed motion (the "**Motion**"), Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate of Kae-Pun Yi a/k/a Kaepun Yi a/k/a Kathy Yi (the "**Debtor**"), by his attorneys, SilvermanAcampora LLP, will move before the Honorable Robert E. Grossman, United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722 on **July 27, 2015 at 9:30 a.m.**, or as soon thereafter as counsel can be heard, for an order disallowing the Debtor's claim of a homestead exemption. A copy of the proposed order is annexed to the Motion as **Exhibit D**.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be (i) made in writing; (ii) electronically filed with the Bankruptcy Court; (iii) delivered to Chambers of the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722; (iv) mailed to SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Justin S. Krell, Esq.; and (v) mailed to the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, to be received by no later than **July 20, 2015, 2014 at 4:00 p.m.**

LG/1747547.1/064757

**PLEASE TAKE FURTHER NOTICE,** that the hearing may be adjourned without further notice other than by announcement of such adjournment in open court or by the filing of a notice of such adjournment on the docket of the Debtor's case.

Dated: Jericho, New York
      June 29, 2015

                          SILVERMANACAMPORA LLP
                          Attorneys for the Kenneth P. Silverman,
                          The Chapter 7 Trustee

            By:    s/Anthony C. Acampora
                     Anthony C. Acampora
                     Member of the Firm
                     100 Jericho Quadrangle, Suite 300
                     Jericho, New York 11753
                     (516) 479-6300

| | |
|---|---|
| **S**ILVERMAN**A**CAMPORA **LLP**<br>Attorneys for Kenneth P. Silverman, Esq.,<br>Chapter 7 Trustee<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Anthony C. Acampora<br>Justin S. Krell | **Hearing Date: July 27, 2015**<br>**Time: 9:30 a.m.**<br><br>**Objections Due: July 20, 2015**<br>**Time: 4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

    KAE-PUN YI a/k/a
    KAEPUN YI a/k/a KATHY YI,                    Chapter 7
                                                           Case No. 14-75101 (REG)
                Debtor.
-----------------------------------------------------------X

## TRUSTEE'S MOTION FOR ENTRY OF ORDER
## DISALLOWING DEBTOR'S HOMESTEAD EXEMPTION

**TO:    HONORABLE ROBERT E. GROSSMAN**
        **UNITED STATES BANKRUPTCY JUDGE**

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate of Kae-Pun Yi a/k/a Kaepun Yi a/k/a Kathy Yi (the "**Debtor**"), by his attorneys, SilvermanAcampora LLP, hereby seeks the entry of an order, pursuant to §§105 and 522 of title 11, United States Code (the "**Bankruptcy Code**"), Rule 4003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), disallowing the Debtor's claim of a homestead exemption (the "**Motion**") on cooperative apartment known as and located at 2249 Union Boulevard, Apt. 29A, Islip, New York (the "**Islip Property**"), and respectfully sets forth as follows:

## **PRELIMINARY STATEMENT**

1.    The Trustee objects to the Debtor's claim of a homestead exemption, as listed on Schedule C of the Debtor's petition, with respect to the Islip Property, and moves for entry of an order disallowing the claimed homestead exemption in its entirety.

2.    For the reasons set forth below, the Debtor is not entitled to a claim an exemption in the Islip Property pursuant to New York Civil Practice Laws and Rules ("**CPLR**")

3

§5206(a) because the Islip Property is not the Debtor's primary residence.

## BACKGROUND

3. On November 12, 2014 (the "**Filing Date**"), the Debtor filed a voluntary petition for relief (the "**Petition**") under chapter 7 the Bankruptcy Code in this Court.

4. Thereafter, Kenneth P. Silverman, Esq., was appointed the interim chapter 7 Trustee of the Debtor's estate, has since duly qualified as the permanent trustee, and is now acting in that capacity.

## THE ISLIP PROPERTY AND THE CLAIMED EXEMPTION

5. Upon a review of the Petition and schedules, the Trustee learned, among other things, that as of the Filing Date, the Debtor was the sole owner of the Islip Property, free and clear of any liens, claims or encumbrances. The Petition also lists the fair market value of the Islip Property at $110,000.00. Schedule A to the Petition is annexed hereto as **Exhibit A.**

6. In addition, based upon the Debtor's testimony at the Bankruptcy Code §341(a) First Meeting of Creditors (the "**Meeting**"), the Trustee further learned, among other things, that, as of the Filing Date, the Islip Property was not the Debtor's primary residence. The Trustee also learned that the Debtor had executed a sub-lease (the "**Sub-Lease**") with a sub-tenant (the "**Sub-Tenant**") to lease the Islip Property and that, as of the Filing Date, the Sub-Tenant occupied the Islip Property. A copy of the Sub-Lease is annexed hereto as **Exhibit B**.

7. Pursuant to Schedule C of the Petition, the Debtor claims a homestead exemption in and to the Islip Property, pursuant to CPLR §5206(a), in the amount of $110,000 (the "**Exemption**"). A copy of Schedule C to the Petition is annexed hereto as **Exhibit C**.

## BASIS FOR RELIEF

8. Bankruptcy Rule 4003(b)(2) states, in relevant part:

> The Trustee may file an objection to a claim of exemption at any time prior to one year after the closing of the case if the debtor has fraudulently asserted the claim of exemption.

Bankruptcy Rule 4003(b)(2).[1]

9. Under Bankruptcy Code §522(b)(3), a debtor may exempt "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition."

10. CPLR §5206 provides, in pertinent part:

> (a) Exemption of Homestead. Property of one of the following types, not exceeding one hundred fifty thousand dollars for the count[y] of . . . Suffolk . . . in value above liens and encumbrances, **owned and occupied as a principal residence**, is exempt from application to the satisfaction of a money judgment. . . .
>
> (c) Suspension of occupation as affecting homestead. The homestead exemption ceases if the property ceases to be occupied as a residence by a person for whose benefit it may so continue, except where the suspension of occupation is for a period not exceeding one year, and occurs in consequence of injury to, or destruction of, the dwelling house upon the premises.

*Id.* (emphasis supplied).

11. Pursuant to the Debtor's testimony at the Meeting and a review of the Sub-Lease, the Debtor did not occupy the Islip Property as her principal residence on the Filing Date.

12. Accordingly, the Exemption is not permitted under CPLR §5206(a) and must be disallowed in its entirety. *See In re Issa*, 501 B.R. 223, 226 (Bankr. S.D.N.Y. 2013) ("When occupancy of the exempt property ceases the purpose of the homestead ceases too.") (quoting *In re Presti,* 1996 Bankr. LEXIS 1953, at *2 (Bankr. E.D.N.Y. Dec. 26, 1996))*; In re Issa*, 501 B.R. 223, 226 (Bankr. S.D.N.Y. 2013); *In re Miller*, 103 B.R. 65 (Bankr. N.D.N.Y. 1989) (disallowing homestead exemption in vacation property because plain language of CPLR §5206(a) required property to be occupied as "principal" residence); *Fontana v. Fontana*, 453 N.Y.S.2d 23 (2d Dept. 1982) (refusing to permit homestead exemption because the party claiming the exemption had moved to California and no longer occupied the property in question).

---

[1] The burden of proving that an exemption is not properly claimed is on the objecting party, in this case, the Trustee. *See* Bankruptcy Rule 4003(c).

5

## **CONCLUSION**

13. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit D**, disallowing the Debtor's homestead exemption, and granting the Trustee such other and different relief as the Court deems just and proper.

Dated: Jericho, New York
       June 29, 2015

SILVERMANACAMPORA LLP
Attorneys for the Trustee

By: s/Anthony C. Acampora
Anthony C. Acampora
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300