**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Justin S. Krell

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

    KAE-PUN YI a/k/a
    KAEPUN YI a/k/a KATHY YI,    Chapter 7
                                                                        Case No. 14-75101 (REG)

                        Debtor.
----------------------------------------------------------X

**TRUSTEE'S APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING RETENTION
OF DAVID R. MALTZ & CO., INC. AS AUCTIONEER FOR ESTATE**

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate of Kae-Pun Yi a/k/a Kaepun Yi a/k/a Kathy Yi (the "**Debtors**"), by his attorneys SilvermanAcampora LLP ("**SilvermanAcampora**"), seeks entry of an order in accordance with §327(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Trustee to retain Maltz Auctions ("**Maltz**"), as the Trustee's auctioneer to market and sell certain the Debtor's unencumbered cooperative apartment known as, and located at, 2449 Union Boulevard, Apartment 29A, Islip, New York 11751 (the "**Property**"), free and clear of all liens, claims and encumbrances, of whatever kind or nature (the "**Liens**"), with such Liens, if any, to attach to the proceeds of sale, except as set forth in the terms and conditions of sale; and it being in the best interests of the Debtor's estate and her creditors, respectfully represents and sets forth as follows:

**Background**

1.    On November 12, 2014, a voluntary petition was filed in accordance with chapter 7 of the Bankruptcy Code in this Court.

2.    Thereafter, Kenneth P. Silverman, Esq. was appointed the interim chapter 7

trustee of the Debtor's estate, has since duly qualified, and is the permanent Trustee in this case.

3. Upon a review of: (i) the Debtor's bankruptcy petition; (ii) the Debtor's testimony at her §341(a) First Meeting of Creditors held on December 15, 2014; and (iii) subsequent information provided by the Debtor, the Trustee learned that the Debtor has 100% ownership interest in the Property.

4. Based upon information available to the Trustee and liquidation analysis performed by the Trustee's proposed professionals, including Maltz, it appears that the Property has value and should be liquidated in order to realize a benefit to the Debtor's estate and her creditors.

### Retention of Auctioneer

5. The Trustee believes that it is in the best interest of the Debtor's estate to retain an auctioneer in order to sell the Property as quickly as possible in an effort to realize the maximum benefit for the estate. The Trustee, therefore, seeks this Court's authorization to retain Maltz as auctioneers for the estate to market and liquidate the Property.

6. The Trustee and Maltz have agreed, subject to Bankruptcy Court approval, that Maltz shall be paid its commissions in accordance with the rates established under Local Bankruptcy Rule 6005-1(b)(i), and reimbursement of expenses in accordance with the standards established under Local Bankruptcy Rule 6005-1(b)(ii) consistent with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

7. To the best of the Trustee's knowledge, and upon information and belief, Maltz has no connection with the Debtor, the Debtor's creditors, or parties in interest or their respective attorneys, as more particularly set forth in the affidavit of Richard B. Maltz, President of Maltz Auctions, annexed hereto and made a part hereof as **Exhibit A**. Therefore, Maltz is "disinterested" within the meaning of Bankruptcy Code §§101(14) and 327(a).

8. In light of the foregoing, the Trustee respectfully requests that this Court authorize and approve the retention of Maltz as auctioneer for the estate.

9. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter the annexed proposed Order approving all of the relief requested herein and for such other, further, and different relief as to this Court may deem just and proper.

Dated: Jericho, New York
      August 14, 2015                   **SILVERMANACAMPORA LLP**
                                         Attorneys for Kenneth P. Silverman, Esq.,
                                         the Chapter 7 Trustee

                            By:    s/ Ronald J. Friedman
                                        Ronald J. Friedman
                                        A Member of the Firm
                                        100 Jericho Quadrangle, Suite 300
                                        Jericho, New York 11753
                                        (516) 479-6300