UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE:

**ANGELA COLLADO,**

Debtor.
------------------------------------------------------------------X

Chapter 7
Case No.: 13-43780

Hon. Carla E. Craig

### AFFIRMATION IN RESPONSE TO TRUSTEE'S MOTION TO DIRECT THE DEBTOR TO COOPERATE WITH THE TRUSTEE WITH THE SALE OF REAL PROPERTY

Herbert Noel Steinberg, Esq., an attorney, duly admitted to practice law before the Courts of the State of New York as well as before the Federal Court of the Eastern District of New York, with respect to the Trustee's motion for an order directing the debtor to cooperate with the Trustee in the sale of property, responds as follows:

1) I am a member of the firm Steinberg & Associates, Esqs., recently retained attorney for the debtor, ANGELA COLLADO (hereinafter 'debtor").

2) At the outset, the debtor certainly does not object to the Motion herein insofar as it requests that she cooperate with the Trustee. The debtor will certainly do so subject to this Court's order.

3) The debtor filed a Chapter 7 Bankruptcy on June 20, 2013.

1

4) The debtor appeared at a Section 341 Meeting and same was closed although the docket is unclear when that occurred.

5) Initially the case was determined to be a no asset case as the Trustee filed a Report of No Distribution on or about September 13, 2013. Shortly thereafter, the Trustee filed a recision of the report of no distribution (ECF #19).

6) It appears that the recision was based on the existence of a medical malpractice case obviously having nothing to do with the debtor's residence.

7) The debtor received a discharge on or about September 30, 2013.

8) The Trustee's application to appoint special counsel, upon information and belief for the medical malpractice case, was approved on or about January 8, 2014.

9) Now, almost three (3) years after the debtor filed her case, the case has remained open presumably because the medical malpractice case has been pending. It is unknown by the undersigned as to what the status of that case is as of this writing. The Trustee is under the obligation to administer the case quickly and expeditiously pursuant to 11 U.S.C 704(a)(1). Query as to why this matter has not come to conclusion?

10) Unfortunately, the debtor's counsel did not move under 11 U.S.C 554(b) to seek a timely abandonment of the Trustee's interest in her home that would clearly have been granted as there was no non-exempt equity.

11) Unfortunately for the debtor, the Trustee's interest has now turned to the debtor's residence, perhaps because the mortgagee has filed a lift stay motion. The Trustee's papers indicate that an appraisal had been submitted by the debtor on or about the time of the filing for premises other than the subject premises. As the Court can see, irrespective of whether or not the appraisal submitted in 2013 was for another residence, the value ascribed to the subject premises, at that time, was closely accurate. Clearly the debtor's utilization of the homestead exemption covered the equity, if any, at that time.\*

12) Be that as it may, attached hereto as Exhibit "A" please find appraisal of the debtor's property both at the time of filing and currently.\*\* The Trustee asserts that the property is worth $900,000.00 to $950,000.00 based upon the Trustee's appraiser, who has clearly not been inside the property. The Trustee further asserts that a sale of the property at $900,00.00 will payoff the mortgage, pay the debtor's homestead

---

\*Parenthetically, the amount of the homestead claimed on the debtor's list of exempt property is $125,000.00 on the petition and that is in the process of being amended to $150,000.00.

\*\*Appraisal of Jeffrey K. Langer of Langer Realty, a real estate broker and appraiser of property in Queens County (county of the subject premises) for the past 35 years.

3

exemption, pay all administrative expenses and pay all unsecured creditors. This appears to be in error. In any event, the current appraisal that was just done by the debtor indicates the following:

**Fair Market Value of $675,000.00 as of June 20, 2013**

**Fair Market Value of $900,00.00 as of April 11, 2016**

13) In any event, the current indebtedness of the debtor on the subject is $690,384.42[***]. This amount, coupled with the debtor's homestead exemption of $150,000.00 leaves the following available to creditors, not counting a real estate commission, Trustee's fees, broker fees, transfer fees and other administrative expenses. At the current average broker fee commission of four to five percent, a sale at $900,000.00 would yield a $36,000.00 to $45,000.00 commission fee. The transfer charges would be $9,000.00 for New York City, $3,600.00 for New York State, totaling $12,600.00. Without any other administrative fees or closing costs, the total obligations are approximately $888,984.24 which will leave little, if any, dividend to unsecured creditors.

---

[***] The undersigned spoke with Ocwen Loan Servicing, LLC (to wit: Megha Sharma, a supervisor), the servicer on the mortgage loan encumbering the subject premises, and was advised that as of April 13, 2016 (and increasing daily), the indebtedness due on said loan is $690,384.42.

4

14) It is respectfully requested that the debtor's property not be sold by the Trustee as it is of little, or insignificant, value to the bankruptcy estate. A sale would result in a clearly inequitable result to the debtor.

15) The debtor would be further prejudiced at this point as she is in the process of seeking a mortgage modification.

     *WHEREFORE,* for the foregoing reasons, the debtor does not object to the Court ordering that the debtor cooperate with the Trustee but requests that the Court direct that the debtor's residence not be sold and for such other and further relief as this Court may deem just and proper.

Dated:     Kew Gardens, New York
            April 13, 2016

**STEINBERG & ASSOCIATES**
Attorneys for Debtor: Angela Collado

By: _____
**Herbert Noel Steinberg, Esq.**
80-02 Kew Gardens Rd., Suite 300
Kew Gardens, New York 11415
*(718) 263 2922*

5

======= NOTICE OF ENTRY =======

PLEASE take notice that the within is a true copy of a

duly entered in the office of the clerk of the within named Court on

Dated:

Yours, etc.

**STEINBERG & ASSOCIATES**

*Attorneys for:*

Office and Post Office Address, Telephone
80-02 Kew Gardens Rd., Suite 300
Kew Gardens, New York 11415
(718) 263 - 2922

TO:

*Attorneys for:*

======= NOTICE OF SETTLEMENT =======

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the Judges of the within named Court, at
on

at                M.

Dated:

Yours, etc.

**STEINBERG & ASSOCIATES**

*Attorneys for:*

80-02 Kew Gardens Rd., Suite 300
Kew Gardens, New York 11415
(718) 263 – 2922

TO:
*Attorneys for:*

---

Chapter 7 Bankruptcy Case No.: 13-43780-cec
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

# ANGELA COLLADO,

Debtor.

**AFFIRMATION IN RESPONSE TO TRUSTEE'S MOTION TO DIRECT THE DEBTOR TO COOPERATE WITH THE TRUSTEE WITH THE SALE OF REAL PROPERTY**

Signature (Rule 130-1.1-a)

Herbert Noel Steinberg, Esq.

**STEINBERG & ASSOCIATES**
Attorneys and Counselors at Law

*Attorneys for: Debtor, Angela Collado*

Office and Post Office Address, Telephone
80-02 Kew Gardens Rd., Suite 300
Kew Gardens, New York 11415
(718) 263 – 2922

TO:

*Attorneys for:*

Service of a copy of the within is hereby admitted.

Dated:

*Attorneys for:*